**James WRIGHT, Plaintiff-Appellant,**

v.

**Lanson NEWSOME, Warden, Defendant-Appellee.**

**No. 85–8897**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Aug. 6, 1986.

---

**18.** Transcript, Vol. VII, pp. 28–30.

**19.** Transcript, Vol. VII, pp. 31–34, 39–41.

Neal B. Childers, Asst. Atty. Gen., Atlanta, Ga., for defendant-appellee.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

James Wright appeals from the district court's dismissal of his pro se 42 U.S.C. § 1983 action for failure to state a claim upon which relief could be granted. We reverse and remand for further proceedings.

## I. FACTS

Wright is an inmate at Georgia State Prison ("GSP"). Taking the facts alleged in the complaint as true, Sergeant Fred Brown ordered fellow GSP correctional officers Pedro Diaz and Eddie Mincey to search Wright's cell on March 28, 1984. In the course of the search, Diaz and Mincey destroyed seven of Wright's photographs and some legal papers. They also seized legal pleadings concerning Wright's challenge to his conviction and a law book belonging to Wright. The pleadings and law book have not been returned.

Wright informed other correctional officers on duty that day about the search and seizure. Unit Manager Sikes declined to photograph the damage in the cell or file a damage report but told Wright to file a grievance. Wright sent a letter to Warden Lanson Newsome informing him of the search and requesting the return of his papers and book, apparently to no avail. He also presented a claim against the Department of Corrections to the Claims Advisory Board pursuant to O.C.G.A. § 28–5–

85. The Board rejected the claim on July 16, 1985, after giving Wright an opportunity to present evidence in support of his allegations at one of its meetings, finding insufficient evidence of Department of Corrections negligence.

On August 27, 1985, Wright filed the current civil rights lawsuit pro se, naming Newsome, Diaz, Mincey and unknown "John Does and Richard Does" (correctional officers or other agents of Newsome) as defendants. He alleged First and Fourteenth Amendment violations of his right to access to the courts and to procedural due process of law. He also invoked the court's pendent jurisdiction over his claims under Georgia law for destruction of his property and conversion. He requested declaratory and injunctive relief and damages. He simultaneously asked the court to allow him to proceed in forma pauperis under 28 U.S.C. § 1915.

In an order dated September 6, 1985, prior to service of the complaint on the defendants, the district court dismissed Wright's procedural due process claim on the ground that Wright has access to adequate state remedies for the alleged unauthorized deprivation of his property and so cannot state a claim under the due process clause. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). It also dismissed his state law claims. With respect to Wright's access to the courts claim, the court ordered Wright to submit a statement of the facts supporting his claim and a description of the relief requested within twenty days. The court ordered service of the order and the complaint on the defendants and invited them to respond to the access to courts claim.

Wright responded to the order by filing a "Motion to Amend" in which he restated the facts contained in his initial complaint and added allegations that the defendants' misconduct was in retaliation for prior lawsuits and administrative grievances he had filed, that black inmates had filed other grievances notifying Newsome of the "out-rageous" treatment of blacks by Diaz and Mincey, and that the seizure and destruction of property were committed pursuant to established state procedure. Apparently in support of the latter assertion, Wright stated that officials at GSP have been subject to court orders issued in connection with two law suits concerning GSP "shakedown" procedures and the destruction and confiscation of inmates' legal materials. Finally, Wright included a discussion of the cases supporting his claims.

The district court's order notwithstanding, the defendants have never been served and have not appeared before this court on appeal. Needless to say, they did not respond to the court's order.

The district court denied the motion to amend and dismissed the access to courts claim, thereby disposing of Wright's complaint in its entirety. The court stated that "[p]laintiff's new allegation of 'retaliation' is put forth not out of sincerity, but out of convenience to get around the 'adequate post-deprivation state remedy' requirement of *Hudson*" and found that "plaintiff seeks to file in a federal district court solely because he believes that his claim could be unsuccessful in a state forum." The court also pointed out that Wright had not alleged specific facts but had merely stated conclusions of law. Hence the court dismissed the complaint for failure to state a claim upon which relief can be granted. Wright appeals without the aid of counsel.

## II. ISSUES

On appeal, Wright argues that he properly alleged that the deprivation of his property was effected pursuant to established state procedure and so stated a claim under the due process clause as interpreted in *Parratt* and *Hudson*. He further argues that he alleged facts sufficient to state a claim of retaliation for the exercise of constitutional rights and of interference with his right to access to the courts. We agree that the district court abused its discretion in denying Wright's motion to amend his complaint and erred as a matter of law in

concluding that he failed to state any claim for which relief can be granted.

## III. ANALYSIS

■ When reviewing the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), we may not affirm unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). We must keep in mind that allegations in a pro se complaint are to be held to less stringent standards than are pleadings drafted by an attorney, *id.*, and that all pleadings are to be construed to do substantial justice. Fed.R.Civ.P. 8(f). Finally, we note that the complaint of an in forma pauperis plaintiff may be dismissed prior to service on the defendant only if the action is frivolous or malicious. 28 U.S.C. § 1915(d).

■ We acknowledge that certain of the facts and issues discussed *infra* are not technically part of the complaint because they were contained in the motion to amend, which was denied. For the sake of orderliness, we point out that Fed.R.Civ.P. 15(a) allows a plaintiff to amend the complaint "as a matter of course at any time before a responsive pleading is served." As the defendants had not been served when Wright attempted to amend his complaint, the district court abused its discretion in denying the amendment. Our discussion therefore refers to the complaint as if the motion to amend had been granted.

### A. *Procedural Due Process*

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court held that the allegation of an unauthorized deprivation of property does not state a procedural due process claim where an adequate state remedy exists to redress the deprivation. In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), the Court explained that post-deprivation remedies do not satisfy the due process requirement where the deprivation of property is effect-

ed pursuant to established state procedure, rather than through random, unauthorized action. In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Court further clarified its holding in *Parratt* by explaining that post-deprivation remedies may provide due process where the deprivation was intentional, rather than negligent, so long as it was random or unauthorized. In this case, if Wright sufficiently alleged facts demonstrating that the deprivation was the result of established state procedure, the district court erred in holding that he must resort to state post-deprivation remedies.

■ Contrary to the district court's finding, Wright has not merely stated conclusions of law but has alleged facts that, if true, would support the finding that the deprivation in this case was the result of established state procedure. Diaz and Mincey were ordered to search the cell by a superior. *See Neary v. Dugger*, 766 F.2d 456, 457 (11th Cir.1985) (allegation of confiscation during search conducted pursuant to established state procedure states claim of deprivation without due process). According to Wright's allegations, confiscations of legal materials at GSP have taken place in the past and continue despite court orders to the contrary and notice to the warden and other responsible officials. Thus it could be inferred that searches and consequent confiscations unaccompanied by procedural safeguards are the sanctioned standard operating procedure at GSP. Moreover, this case does not involve a situation in which predeprivation process would not have been feasible. *See Rittenhouse v. DeKalb County*, 764 F.2d 1451, 1454–55 (11th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986) (explaining that established state procedure requirement focuses on feasibility of predeprivation process). As the allegations sufficiently charged that the taking was the result of established state procedure, the court improperly relied upon *Parratt* and its progeny.

■ The district court also dismissed Wright's pendent state law claims at the same time it dismissed the due process claim on the basis of *Parratt*. The court

did not explain this decision and, given that the access to courts federal claim remained in the case, there was no apparent reason to dismiss the pendent claims. Certainly, *Parratt* does not require a federal court to decline to exercise pendent jurisdiction over a claim simply because it rests on a state cause of action that provides the adequate post-deprivation remedy necessitating dismissal of the federal due process claim so long as the court has jurisdiction upon other grounds. In this case, of course, we have determined that the district court's dismissal of Wright's due process claim was in error. Any other reason that the court may have had for dismissing the state claims with the due process claim no longer exists, and we reverse the dismissal of the pendent state claims.

### B. *Access to the Courts*

■ The district court discounted Wright's retaliation claim, finding that Wright was only trying to salvage an otherwise defective pleading. As noted above, however, Wright's allegations must be accepted as true.[1]

■ The allegation that prison officials seized Wright's pleadings and law book and destroyed other legal papers clearly states a claim of denial of access to the courts. Prison officials may not deny or obstruct an inmate's access to the courts. *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The facts stated in Wright's initial complaint state a constitutional claim standing alone and are not dependent on being framed in terms of retaliation to convert an otherwise insufficient claim into a federally cognizable one. It is the fact that Wright was denied his *legal* papers and *law* books, and not the deprivation, that brings this claim within the scope of constitutional protection. The district court incorrectly stated the law when it suggested that Wright needed to allege retaliation to salvage his complaint.

■ Wright also sufficiently alleged facts bringing actions that might not otherwise be offensive to the Constitution, such as the search itself or the confiscation and destruction of nonlegal materials (if not in violation of the due process clause), within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances. This type of retaliation violates both the inmate's right of access to the courts, *Hooks v. Kelley*, 463 F.2d 1210 (5th Cir.1972), and the inmate's First Amendment rights. *See Bridges v. Russell*, 757 F.2d 1155 (11th Cir.1985). The district court erred in dismissing the retaliation claim for failure to state a claim for which relief can be granted.

The district court's denial of Wright's motion to amend and dismissal of his complaint are reversed and this case is remanded to the district court for further proceedings.

REVERSED and REMANDED.

---

1. We do not mean to suggest that the district court does not have the power under 28 U.S.C. § 1915(d) to dismiss the complaint of a plaintiff seeking to proceed in forma pauperis if the action is maliciously brought. In such a case, however, the district court must have reason to believe the suit is not brought in a good faith. In this case, the district court did not explain its suspicions, and the record does not support its findings with respect to Wright's lack of good faith.