840 F.2d 18
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Courtney J. VAN RIPER, Jr., Plaintiff-Appellant,
v.
Calvin R. EDWARDS; Ross Creviston; and Van Vandivier,
Defendants-Appellees.
 No. 87-1310.
 United States Court of Appeals, Sixth Circuit.
 Feb. 29, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, a pro se litigant, appeals the district court's order which granted defendants' motion to dismiss the complaint for failure to state a claim. The action was filed under the theories enunciated by the Supreme Court in Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
 
 
 2
 The district court parsed plaintiff's complaint and characterized the three claims it found there. For the reasons stated in its memorandum and order of March 12, 1987, we affirm the district court's dismissal of the two claims which arose out of plaintiff's transfer to Wisconsin authorities, and other involvement of the defendants with those authorities.
 
 
 3
 Plaintiff also alleged that defendants conspired to intimidate him and dissuade him from pursuing his claims in federal court through a series of unlawful searches and seizures. The district court dismissed this claim on the theory that plaintiff had failed to specifically allege that the listed defendants were the persons who committed the acts complained of and that defendants could not be held responsible under the doctrine of respondeat superior. However, because in the last paragraph of his complaint plaintiff alleged that the conduct complained of was "done on Defendant's [sic ] orders," plaintiff did not rely upon respondeat superior, and has therefore pleaded a claim of denial of access to the courts. See, e.g., Johnson v. Avery, 393 U.S. 483 (1969); Wright v. Newsome, 795 F.2d 964 (11th Cir.1986).
 
 
 4
 Accordingly, the judgment of the district court is affirmed in part and reversed in part, and this cause is remanded to the district court for further proceedings consistent with the law and consistent with this opinion.