972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin Howard CANELL, Plaintiff-Appellant,
v.
OREGON DEPARTMENT OF CORRECTIONS, B.E. Heath, and Debra Fox,
Defendants-Appellees.
 No. 91-35692.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided July 23, 1992.
 
 Before TANG, FERGUSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvin Canell appeals the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging that the defendants conspired to retaliate against him for exercising his constitutional rights to freedom of expression and access to the courts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 In cases where the nonmoving party bears the burden of proof at trial with respect to a material fact, the party opposing the motion is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (quoting Fed.R.Civ.P. 56(e)). "To show existence of a 'genuine' issue, appellant[ ] must present some evidence establishing each element of [his] claims on which [he] would bear the burden of proof at trial. [He] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990) (citations omitted). The nonmoving party cannot rest on the allegations in his pleadings to overcome a motion for summary judgment. See Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892, 898 (9th Cir.1987), cert. denied, 487 U.S. 1234 (1988).
 
 
 5
 Canell contends that the district court erred in granting summary judgment because issues of material fact remained. We disagree. In their answer and the affidavits attached to their motion for summary judgment, the defendants admitted the legally significant facts alleged in Canell's complaint. These facts do not constitute a conspiracy to deprive Canell of his constitutional rights.
 
 
 6
 The affidavits accompanying the motion for summary judgment state the following facts. Canell is an inmate at the Columbia River Correctional Institution (CRCI) in Portland, Oregon. CRCI has a policy allowing an indigent inmate to obtain legal mail envelopes for legal mail and charge his account regardless of whether the account contains funds. Canell has made extensive use of this system and admits that his account contains a large deficit balance because of legal mailing.
 
 
 7
 In performing her duties, defendant Debra Fox, a mail services specialist, noticed that on December 6 and 7, 1990, Canell deposited for mailing two envelopes embossed with the CRCI return address and postage. Canell could have obtained these envelopes legally only by purchasing them from the canteen during the first week of December 1990, when they first became available. Fox knew Canell was indigent and doubted that he had funds with which to purchase the envelopes. Fox gave the envelopes to defendant Brad Heath, the security manager at CRCI. Heath checked with accounting and found that Canell's account had been in deficit since the envelopes had become available. Heath concluded that, since the envelopes could be obtained legally only by purchase from the canteen, Canell had obtained them in violation of security rules and that the envelopes were contraband. Heath returned the envelopes to Canell, informing him that they would not be mailed unless Canell could show that he had purchased them. Canell does not contend that these envelopes contained legal material that he could have mailed with legal envelopes. Nor does he contend that he possessed funds with which to purchase the envelopes.
 
 
 8
 In intercepting and returning Canell's mail, Fox and Heath acted on the reasonable belief that the envelopes were contraband. Their actions did not violate Canell's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 574-77 (1974). Although actions that might not otherwise offend the Constitution may be unconstitutional if taken in retaliation for filing lawsuits, Wright v. Newsome, 795 F.2d 964, 968 (11th Cir.1986), Canell has presented no evidence that Fox and Heath acted in retaliation. See Smolen, 921 F.2d at 963. Canell's mere allegation of retaliation is insufficient to defeat the defendants' motion for summary judgment. See Ghebreselassie, 829 F.2d at 898; see also Hewitt v. Grabicki, 794 F.2d 1373, 1382 (9th Cir.1986) ("[T]he mere fact that a conspiracy is alleged is insufficient to defeat an adequately supported motion for summary judgment.").[1]
 
 
 9
 Canell also contends that a genuine issue of material fact existed with respect to his statement that Fox, knowing that Canell was indigent, responded to his request for legal mail envelopes by telling him to buy them from the canteen. Fox denied this statement.
 
 
 10
 If a prisoner's claims do not involve denial of adequate law libraries or adequate assistance from persons trained in the law, the prisoner must demonstrate actual injury, or a "specific instance in which [he] was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Canell has failed to show any specific instance in which he was denied access to the courts. He merely asserts that Fox's response to his request for legal mail envelopes resulted in a denial of his access to the courts, in retaliation for his exercise of his rights in filing lawsuits. Canell's conclusory allegations are insufficient to defeat a motion for summary judgment. See List, 880 F.2d at 1044. The district court did not err in granting summary judgment based on its determination that no genuine issue of material fact existed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and record per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Canell states that he borrowed one of the envelopes from another inmate with the knowledge and acquiescence of the unit officer, and that the officers do not enforce the rules prohibiting inmates from possessing one another's property. However, even assuming Canell's allegations to be true, the fact that the rules are not always enforced does not render unconstitutional the defendant's actions taken in accordance with CRCI's official policy