Zack McCAIN, Jr., Plaintiff,

v.

Willie J. SCOTT, Jerry F. Pearson, Robert L. Matthews, Defendants.

Civil Action No. 1:1997–CV–2939–RWS.

United States District Court, N.D. Georgia, Atlanta Division.

May 29, 1998.

Zack McCain, Jr., Florence, CO, pro se.

Janet Fuller King, Office of United States Attorney, Atlanta, GA, for Defendants.

## OPINION and ORDER

STORY, District Judge.

This is a *pro se* federal-prisoner *Bivens*-type action, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), presently before the Court on various motions [11–1, 14–1, 15–1, 17–1, 17–2, 18–1, 19–1, 20–1, 21–1, 24–1, 25–1].

## Background

Plaintiff Zack McCain, Jr., is a federal prisoner presently serving a 106–month sentence. According to the Amended Complaint [10], McCain brings this action against the Defendants in their individual capacities only and seeks monetary damages only. McCain alleges that, because of his administrative complaints against staff at the United States Penitentiary in Atlanta ("USP–Atlanta"), the Defendants retaliated against him by increasing his security-level classification (by adding the management variable "Greater Security" to his medium security-level classification) and by transferring him to the United States Penitentiary at Lompoc ("USP–Lompoc") there to be murdered, in violation of his First Amendment right to petition the government for redress of grievances, his Fifth Amendment right to due process, and his Eighth Amendment right to be free from cruel and unusual punishment. In addition, McCain contends that the Defendants violated his rights under the Eighth Amendment by exhibiting deliberate indifference to his medical needs by transferring him to USP–Lompoc, where he suffers hay fever attacks due to the heavy pollenation.

Specifically with respect to each named defendant, McCain contends that, in September and October 1996, through the chains of command, Defendant Willie J. Scott, Warden of USP–Atlanta, wrongfully ordered McCain placed in administrative segregation for possible reclassification for the purpose of transferring McCain to the more dangerous USP–Lompoc and that he ordered prison case

manager Chris Paul to request the security-level management variable and to prepare the retaliatory transfer order. McCain contends that Defendant Jerry Pearson, Regional Designator, thereafter approved the retaliatory increase in McCain's security-level classification and conspired with Scott by disregarding Scott's retaliatory reasons for McCain's transfer and by failing to exercise his power to correct the retaliatory security-level management variable and transfer. McCain contends that Defendant Robert Matthews, Regional Director, also conspired with Scott to retaliate against McCain by authorizing application of the management variable to McCain's security-level classification and the transfer to USP–Lompoc.

At the time this action was initiated, McCain was incarcerated at USP–Lompoc. He has since been transferred to USP–Florence in Colorado. [20]

The Defendants have moved to dismiss the complaint or, in the alternative, for summary judgment, contending (1) that McCain has failed to properly effectuate service on the United States Attorney and the Attorney General pursuant to Fed.R.Civ.P. 4(i), (2) that McCain's official capacity claims against the Defendants are barred by the doctrine of sovereign immunity, (3) that the complaint does not satisfy the heightened pleading requirements applicable to civil rights actions against government officials, (4) that the Defendants are protected from suit by qualified immunity, (5) that the complaint does not state a claim under the Eighth Amendment because McCain does not allege that any of the Defendants were aware of his alleged medical condition (hay fever) and he does not allege that he was denied appropriate medical care at USP–Atlanta or USP–Lompoc, and (6) that the complaint does not state a claim under the First Amendment because McCain does not allege that his ability to file administrative complaints was impaired and because he does not have a constitutional right to be incarcerated in a particular institution.

### Discussion

A. *Service of Process and Sovereign Immunity*

In response to the motion to dismiss, McCain states that he is suing the Defendants in their individual capacities only, under *Bivens,* that he seeks money damages from the individual Defendants only and that he seeks no relief from the United States, and contends that he, therefore, does not need to serve the United States. The question whether the United States must be served in a *Bivens*-type action apparently is one of first impression in this Circuit.

In *Bivens,* the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages. 403 U.S. at 389, 91 S.Ct. at 2001. As a suit against individuals, service must be made upon the Defendants as individuals pursuant to Fed.R.Civ.P. 4(d) or (e). Defendants do not challenge the adequacy of personal service.

The two circuits to squarely address whether the government must also be served in a *Bivens*-type action have concluded, because the government is not a defendant and federal agents are not sued in their official capacities, that no service need be made on the government. *See Vaccaro v. Dobre,* 81 F.3d 854, 857 (9th Cir.1996); *Armstrong v. Sears,* 33 F.3d 182, 186–87 (2d Cir.1994). In addition, the two leading commentators on federal civil procedure agree that in a *Bivens*-type action only personal service on the defendants is required. *See* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1107 at 163 & n. 29 (2d ed. 1987 & Supp.1998); 1 Moore's Federal Practice § 4.56[3] at 4–77 through 4–78 & n. 6 (3d ed.1998).

Although the Sixth Circuit did state, in *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 116 (6th Cir.1988), that in a *Bivens*-type action both the United States and the individual defendants must be served, the United States had been served in that case and the issue was whether the individual defendants must also be served. Accordingly, the Sixth Circuit's statement as to the necessity of service on the United States was dictum unsupported by any reasoned analysis of the issue. This Court considers the Second and Ninth Circuit decisions well reasoned and will apply them here.

Accordingly, because McCain has asserted claims against the Defendants in their individual capacities only, under the rationale of *Bivens,* he need not serve the United States, and this complaint is not subject to dismissal for ineffective service of process. Also, because McCain has not asserted any claims against the United States or against the Defendants in their official capacities, it is not necessary to determine whether McCain's claims are barred by sovereign immunity.

### B.  *The Bivens Pleading Requirements*

A complaint may be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1484 (11th Cir. 1994). In addition, this Court is constrained to construe liberally *pro se* pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

Under the "qualified immunity" defense, Defendants are immune from both trial and liability if the complaint fails to state a violation of "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

In *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 167–68, 113 S.Ct. 1160, 1162–63, 122 L.Ed.2d 517 (1993), the Supreme Court held that in civil rights actions against municipal corporations courts may not impose a heightened pleading standard above the requirement of Fed.R.Civ.P. 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court of Appeals for the Eleventh Circuit, however, noting that the Supreme Court did not extend its holding to cases involving individual government officials, with respect to whom a qualified immunity defense may be available, has specifically declined to extend *Leatherman* to 42 U.S.C. § 1983 civil rights cases raising a qualified immunity issue. *See GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1367–68 (11th Cir.1998)

(citing *Leatherman,* 507 U.S. at 167, 113 S.Ct. at 1162). Thus, in pleading a § 1983 action in the Eleventh Circuit, especially if the court must determine whether the allegedly violated right was clearly established when the complained-of acts occurred, some factual detail is necessary; conclusory allegations are insufficient. *See GJR Investments,* 132 F.3d at 1367–68; *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied,* 507 U.S. 987, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993). Because the qualified immunity analysis is the same whether the claims are brought under *Bivens* or § 1983, *see Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1978), this *Bivens*-type action is subject to the same heightened pleading requirement. Thus, in ruling on the Defendants' motion to dismiss this action, this Court is guided by both the Rule 12(b)(6) standard and by the heightened pleading requirement applicable to civil rights cases.

### C.  *The Retaliation Claims*

The Defendants' contention that McCain fails to state a constitutional claim because he has, for example, no constitutional right to incarceration in a particular institution, misapprehends the nature of a retaliation claim. It was well established before September 1996 that a disciplinary act in retaliation for a prisoner's exercise of a constitutionally protected right is actionable even if the act, when taken for another reason, would have been ·proper. *See, e.g., Wildberger v. Bracknell,* 869 F.2d 1467, 1468 (11th Cir.1989) (allegation that prisoner was placed in segregation in retaliation for filing grievances states a claim for violations of his First Amendment rights to freedom of speech and to petition the government for redress of grievances); *Wright v. Newsome,* 795 F.2d 964, 968 (11th Cir.1986) (allegation that cell was searched and personal papers were confiscated in retaliation for filing lawsuits and administrative grievances states a claim for violations of both the inmate's right of access to the courts and the inmate's First Amendment rights); *Bridges v. Russell,* 757 F.2d 1155, 1156–57 (11th Cir.1985) (allegation that prisoner was transferred in retaliation for filing a grievance against work supervisor

and encouraging other prisoners to sign petition states a claim for violation of First Amendment rights). Thus, the relevant inquiry is not whether McCain had a constitutional right to incarceration in a particular institution,[1] but whether he adequately asserted that disciplinary actions were taken against him in retaliation for his exercise of a constitutional right.

Here, McCain contends that he filed numerous administrative complaints against staff at USP–Atlanta, that the Defendants subsequently increased his security-level classification to justify transferring him to a higher-security institution, and that they in fact transferred him to a higher-security institution, with the expectation that he would there be murdered, all in retaliation for his filing those grievances. McCain contends that these actions violated his First and Fifth Amendment rights.

The First Amendment to the United States Constitution provides, "Congress shall make no law ... abridging the freedom of speech, or ... the right of the people ... to petition the Government for a redress of grievances." McCain's claim that the Defendants punished him in retaliation for his administrative complaints states a claim under Rule 12(b)(6) for a violation of his First Amendment rights that was well established by the time of the acts he complains of. *See Wildberger,* 869 F.2d at 1468.

Indeed, in connection with their motion for summary judgment, the Defendants concede that retaliation for filing administrative grievances violates an inmate's First Amendment rights, but they contend that the evidence demonstrates that the transfer was not retaliatory but was for legitimate penological reasons. At this early stage of the proceedings, however, with discovery so incomplete, it would be inappropriate for this Court to consider the motion for summary judgment. *See, e.g.,* Fed.R.Civ.P. 56(f); *WSB–TV v. Lee,* 842 F.2d 1266, 1269 (11th Cir.1988) ("summary judgment may only be decided upon an adequate record").

Evaluated under the heightened factual pleading requirements applicable to civil rights actions, however, McCain's pleading is inadequate. In reality, he pleads nothing more than a vague and conclusory timeline stating that he filed undescribed administrative complaints against unidentified prison personnel and that later the Defendants changed his security-level classification and transferred him. McCain has pled no facts that would tend to show a causal relationship between these events. He has not pled, for example, facts that would tend to show that the Defendants had knowledge of the administrative complaints or that the administrative complaints were of such a nature that the Defendants would have reason to retaliate. The claim as stated is too conclusory to survive.

### D. *The Access–to–Courts Claim*

The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances. *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741, 103 S.Ct. 2161, 2169, 76 L.Ed.2d 277 (1983). In addition, the "constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights." *Procunier v. Martinez,* 416 U.S. 396, 419, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974), *overruled on other grounds, Thornburgh v. Abbott,* 490 U.S. 401, 413–14, 109 S.Ct. 1874, 1881–82, 104 L.Ed.2d 459 (1989).

To establish a violation of the right of access to the courts, a prisoner must show that the actions of prison officials caused him actual injury by hindering his efforts to pursue in the courts a legal claim involving a direct criminal appeal, a petition for the writ of habeas corpus, or a civil rights action to vindicate basic constitutional rights. *See*

---

1. Indeed, prisoners do not have a constitutional right to placement in a particular institution. *See Olim v. Wakinekona,* 461 U.S. 238, 244–48, 103 S.Ct. 1741, 1744–47, 75 L.Ed.2d 813 (1983); *Meachum v. Fano,* 427 U.S. 215, 225–28, 96 S.Ct. 2532, 2538–40, 49 L.Ed.2d 451 (1976).

Thus, to the extent McCain's amended complaint could be construed to assert, without reference to a retaliation theory, that the Defendants violated his constitutional rights by transferring him to another facility, it fails to state a claim.

*Lewis v. Casey,* 518 U.S. 343, 349–354, 116 S.Ct. 2174, 2179–81, 135 L.Ed.2d 606 (1996).

██ McCain has not alleged that any of the Defendants in any way hindered (or retaliated against) his pursuit of such a legal claim in the courts. Accordingly, McCain has not stated a claim for violation of his right of access to the courts.

### E. *The Eighth Amendment Claims*

██ The Eighth Amendment prohibits punishments that are "cruel and unusual." An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). The objective component is contextual and responsive to " 'contemporary standards of decency.' " *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). The subjective component follows from the principle that " 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' " *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (quoting *Wilson,* 501 U.S. at 297, 111 S.Ct. at 2323 (internal quotation marks, emphasis, and citations omitted)); *Rhodes v. Chapman,* 452 U.S. 337, 345, 101 S.Ct. 2392, 2398, 69 L.Ed.2d 59 (1981). What is necessary to establish an unnecessary and wanton infliction of pain varies also according to the nature of the alleged constitutional violation. *Hudson v. McMillian,* 503 U.S. at 5, 112 S.Ct. at 998.

██ Where the claim is one of excessive use of force, the core inquiry as to the subjective component is that set out in *Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986): " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " 475 U.S. at 320–21, 106 S.Ct. at 1085 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson v. McMillian,* 503 U.S. at 9, 112 S.Ct. at 1000. In such cases, a prisoner may prevail on an Eighth Amendment claim even in the absence of a serious injury, the objective component, so long as there is some pain or injury and something more than *de minimis* force is used. *Id.* (finding that blows which caused bruises, swelling, loosened teeth, and a cracked dental plate were not *de minimis* for Eighth Amendment purposes). This standard was well-established at the time of the acts complained of here.

██ In addition, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.' " *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (citation omitted). A finding of deliberate indifference, the subjective component, requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. at 837, 114 S.Ct. at 1979. *See also Steele v. Shah,* 87 F.3d 1266, 1269 (11th Cir.1996). Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837, 114 S.Ct. at 1979. Because society does not expect prisoners to have unfettered access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson,* 503 U.S. at 9, 112 S.Ct. at 1000 (citing *Estelle v. Gamble,* 429 U.S. at 103–04, 97 S.Ct. at 290–91.) The application of this "deliberate indifference" standard to psychiatric needs in addition to physical medical needs was well established at the time of the events involving McCain. *See Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir.1989); *Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir.1986).

██ The same "deliberate indifference" subjective standard applies to claims of inhumane conditions of confinement. *Wilson v. Seiter,* 501 U.S. at 303–04, 111 S.Ct. at 2326–27. As for the objective component, because society expects prisoners to experience routine discomfort as part of the

penalty they pay for their offenses, "extreme deprivations" are required to make out a conditions-of-confinement claim. *Hudson,* 503 U.S. at 8–9, 112 S.Ct. at 1000. Thus, in a conditions-of-confinement case, a "sufficiently serious" deprivation is shown when "a prison official's act or omission . . . result[s] in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan,* 511 U.S. at 834, 114 S.Ct. at 1977 (quoting *Rhodes v. Chapman,* 452 U.S. at 347, 101 S.Ct. at 2399). The Supreme Court has held that an inmate need not await actual injury to obtain injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm. *Farmer v. Brennan,* 511 U.S. at 845–46, 114 S.Ct. at 1983–84.

In the only reported decision this Court has located addressing the issue whether "fear" is a sufficiently serious injury to give rise to an Eighth Amendment claim for inhumane conditions of confinement, the Court of Appeals for the Seventh Circuit answered the question in the negative. *See Babcock v. White,* 102 F.3d 267 (7th Cir.1996). After his transfer to another federal prison, Babcock brought an Eighth Amendment damages claim against officials at the United States Penitentiary at Terre Haute, Indiana ("USP–Terre Haute") based on their knowingly and unreasonably housing him in a cell block where he was in danger of assault from members of a gang known as the Mexican Mafia, other members of which had stabbed him seven times in a prior attack at USP–Leavenworth. Although he was not physically injured during his ten-month stay in the USP–Terre Haute cell block, Babcock was threatened and scalding water was thrown into his cell, and he alleged that he suffered personal humiliation and severe mental anguish and distress.

Accepting that the officials' conduct was knowing and unreasonable, and that Babcock's claims of severe mental anguish were true, the Seventh Circuit nevertheless found that, "at least where . . . exposure to risk of harm cannot be said to result from an official's malicious or sadistic intent," the exposure to risk of assault, as opposed to an actual assault, is not a sufficiently serious injury to give rise to an Eighth Amendment claim. 102 F.3d at 270–273. In reaching this conclusion, the Seventh Circuit relied on the Supreme Court's language in *Farmer v. Brennan,* 511 U.S. at 845, 114 S.Ct. at 1983, that injunctive relief is available to a prisoner "to prevent a substantial risk of serious injury from ripening into actual harm," the implication of which is that the "actual harm" to be prevented is an assault upon the prisoner. 102 F.3d at 273–74.

With respect to McCain's claim that the Defendants violated his Eighth Amendment rights by transferring him to an institution where he suffers from hay fever, McCain has failed to adequately plead facts to show that his hay fever is a serious medical condition or that the defendants were deliberately indifferent to his condition, that is, that they were aware of his hay fever, that they knew that a transfer to USP–Lompoc would aggravate the condition, that they knew that officials at USP–Lompoc would not adequately treat the condition, or that the officials at USP–Lompoc in fact did not adequately treat the condition. Thus, while he may have stated a claim sufficiently to meet the requirements of Fed.R.Civ.P. 12(b)(6), he has not met the heightened pleading requirements applicable to civil rights actions in the Eleventh Circuit.

The "Preliminary Statement" to McCain's amended complaint also contends that the Defendants violated his Eighth Amendment rights by conspiring to transfer him to USP–Lompoc to be "Murdered," where he has lost 25 pounds due to physical pain and psychological suffering.

To the extent that McCain seeks to assert a claim that the Defendants were deliberately indifferent to the risk of assault to which he was exposed by virtue of their transfer of him to USP–Lompoc, a "conditions-of-confinement" claim, McCain fails to state a claim under Rule 12(b)(6). McCain, like Babcock, was never the victim of any assault, thus the objective component of the claim is not met. This Court agrees with the reasoning of the Seventh Circuit that, in the absence of a malicious intent to cause harm, fear of assault arising from incarceration in a particular prison setting is not a sufficiently serious injury to give rise to an Eighth Amendment claim. *Cf. Lewis v. Casey,* 116

S.Ct. at 2179 (in providing an analogy to explain the requirement of "actual injury" in access-to-court claims, the Supreme Court noted that a healthy prisoner could not bring a claim for violation of his constitutional right to medical care simply on the ground that prison medical facilities were inadequate). Nor can McCain seek injunctive relief, as he is no longer confined at USP–Lompoc. To the extent McCain contends that his 25–pound weight loss is a "serious" injury, he has failed to plead facts sufficient to enable this Court to determine whether that weight loss is a constitutionally sufficient injury or to support the contention that the Defendants acted with deliberate indifference, that is, for example, that they knew of the risk of assault or that they knew of the risk of serious injury arising from fear of assault.

■■■ To the extent McCain intends to allege that the defendants maliciously and sadistically applied excessive force to him by transferring him to USP–Lompoc with the intent that he would be murdered there, McCain's one-sentence allegation is too conclusory to meet the heightened pleading requirements applicable to civil rights actions. Thus, McCain has failed to plead adequately any Eighth Amendment claim.

### F.   Plaintiff's Motion for Leave to Amend

In response to the Defendants' motion to dismiss, McCain moves [21–1] for leave to file a second amended complaint.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading only by leave of court if a responsive pleading has been filed. Rule 15(a) also provides, however, that leave to amend "shall be freely given when justice so requires." In *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court held that, although the grant or denial of an opportunity to amend is within the discretion of the district court, in the absence of any apparent reason to deny leave, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc," leave to amend should, as the rule states, be "freely given."

■■■ The proposed second amended complaint submitted by McCain, however, does not cure the deficiencies in his current Amended Complaint. The allegations continue to be completely conclusory. Accordingly, this Court will not grant leave to file the proposed second amended complaint, but will grant leave to file a second amended complaint as stated below.

It is therefore ORDERED that:

1.  Defendants' Motion [11–1] for Enlargement of Time within which Defendants Must Respond to Complaint is GRANTED and their Motion to Dismiss, or in the Alternative for Summary Judgment [17], filed on February 13, 1998, is deemed timely;

2.  Plaintiff's Motions [14–1, 15–1] for Extension of Time to Serve Process are GRANTED and the service of process effected on February 2, 1998, as reflected on the U.S. Marshals Service returns of process, filed February 10, 1998, is deemed timely;

3.  Plaintiff's Motion [15–1] for extension of time in which to file responses to mandatory disclosures is GRANTED and Plaintiff's responses filed on January 26, 1998, are deemed timely;

4.  Plaintiff's Motions [18–1, 20–1] for extensions of time to file memoranda in opposition to Defendants' Motions for Enlargement of Time and to Dismiss are GRANTED and Plaintiff's memoranda filed on February 24 (denominated a "motion" [19–1] in opposition to Defendants' motion to dismiss) and March 6, 1998, are deemed timely;

5.  For the reasons described herein, Defendants' Motion [17–1] to Dismiss is DENIED, with leave to renew if appropriate upon the filing of Plaintiff's second amended complaint;

6.  Defendants' alternative Motion [17–2] for Summary Judgment is DENIED as premature, without prejudice to refiling after the completion of discovery;

7.  Plaintiff's Motion [21–1] for leave to file an amended complaint is GRANTED IN PART. Plaintiff is not granted leave to file the proposed second

amended complaint attached to his motion, as that proposed second amended complaint does not cure the deficiencies of Plaintiff's first amended complaint. Plaintiff is hereby granted leave to file, within 30 days of the entry of this Order, a second amended complaint. The Plaintiff is directed to set forth in his second amended complaint a detailed, chronological, factual description of the relevant facts known to each and every Defendant, the actions taken or not taken by each and every Defendant, and the corresponding theories of liability applicable to each and every Defendant based upon his knowledge and actions, under the standards described in this Order. Plaintiff shall serve a copy of the second amended complaint on each defendant in accordance with the Federal Rules of Civil Procedure; and

8. Plaintiff's Request [24–1] for Enlargement of Time to Respond to Defendants' Notice of Filing Material Facts and Plaintiff's Motion [25–1] to Strike Defendants' Statement of Material Facts are DENIED as MOOT.