United States Court of Appeals,

Eleventh Circuit.

No. 94-8825

Non-Argument Calendar.

Ann McCAULEY, Plaintiff-Appellant,

v.

Richard T. WINEGARDEN; Superior Court of Gwinnett, and Michael J. Bowers, Attorney General, State of Georgia, Defendants-Appellees.

Aug. 4, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-cv-2632-ODE), Orinda D. Evans, Judge.

Before TJOFLAT, Chief Judge, CARNES and COX, Circuit Judges.

PER CURIAM:

As the district court's order of May 9, 1994 dismissing appellant's second amended complaint indicates, appellant, who allegedly suffers from a Chemical Hypersensitivity Syndrome, brought this suit under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), to obtain injunctive relief and money damages because a Georgia superior court judge, appellee Richard T. Winegarden, did not provide her a "chemical free or safe environment" (a filtered environment) on two different occasions when she appeared *pro se* to prosecute a suit she brought in the Superior Court of Gwinnett County, Georgia. In this appeal, appellant asks us to vacate the district court's final judgment and to remand the case for further proceedings against appellees Winegarden, Gwinnett County, and the State of Georgia on her claims for money damages and for an injunction enjoining appellees

"permanently on any further violations of the ADA." Appellant's Brief at 46. We find no merit in appellant's request and, therefore, affirm.[1]

The district court dismissed appellant's complaint on the basis of the following ADA regulation:

> This part does not require a public entity to provide to individuals with disabilities personal devices, such as wheelchairs; individually prescribed devices, such as prescription eyeglasses or hearing aids; readers for personal use or study; or services of a personal nature including assistance in eating, toileting, or dressing.

28 C.F.R. § 35.135 (1993). We quote from the district court's dispositive order:

> [p]laintiff wanted Defendants to provide her with a "filtered environment." The [second amended] complaint reveals that Defendants would have had to provide Plaintiff with personal devices in order to give here the accommodation she desired: "life support systems,' (*id.,* ¶ IV); "life-support bubble,' (*id.*); "required medical aids,' (*id.*); "additional medical aids,' (*id.*) Even absent the admissions in Plaintiff's complaint, the conclusion is inescapable that providing Plaintiff a filtered environment would have required Defendants to provide her with personal devices. Indeed, in this context, a filtered environment, viewed as a whole, may itself be a personal device. Therefore, in view of § 35.135, the court finds that Plaintiff has failed to state a claim under the ADA against Defendants.

We agree with the district court's analysis of the merits of appellant's ADA claim, and therefore affirm its judgment.

IT IS SO ORDERED.

---

[1] Appellant also sought relief under 42 U.S.C. § 1985(3). The district court rejected this claim; we do so likewise, finding it to be frivolous.