PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---------------
No. 96-3095
---------------

D. C. Docket No. 93-1357-CIV-J-20

FRANKIE LEE BASS; LEONARD BEAN;
ENRIQUE J. DIAZ; WILLIAM VAN POYCK,

Plaintiffs-Appellants,

versus

HARRY K. SINGLETARY, JR., individually,
and in his official capacity as Secretary,
Department of Corrections, et al.,

Defendants-Appellees.

--------------
Appeal from the United States District Court for the
Middle District of Florida
---------------
**(June 19, 1998)**

Before COX and BLACK, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

This case involves a challenge by prison inmates to a prison regulation concerning the confiscation of legal materials passed from one inmate to another without prison officials' authorization. Plaintiffs Frankie Lee Bass, Leonard Bean, Enrique J. Diaz, and William Van Poyck, inmates in twenty-four hour a day lockdown confinement status at Florida State Prison (FSP), appeal

a district court's order granting summary judgment in favor of defendants, current and former Florida Department of Corrections supervisory personnel. We affirm.

Plaintiffs brought this action *pro se*. This Court appointed counsel for plaintiffs, and their counsel briefed and argued the case on appeal.

Plaintiffs' two-count 42 U.S.C. § 1983 complaint challenged as unconstitutional Florida Administrative Code Rule 33-3.006(1)(b), which provides that "[a]ny item or article not originally contraband shall be deemed contraband if it is passed from one inmate to another without authorization." Pursuant to this Rule, legal documents bearing the name of one inmate but found in the possession of another inmate at FSP are "contraband" if they were transferred without authorization. Once deemed contraband, such items are confiscated and, according to plaintiffs, destroyed.

Acting pursuant to Rule 33-3.006(1)(b), defendants allegedly confiscated and destroyed plaintiffs' legal documents which other inmates possessed without authorization, and other inmates' legal documents which plaintiffs possessed without authorization. Defendants allegedly threatened plaintiffs with disciplinary action for their attempts to give legal assistance to or receive such assistance from other inmates.

The district court granted defendants' motion for summary judgment regarding plaintiffs' access-to-courts claims. Relying upon *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L.Ed.2d 606 (1996), the court found that plaintiffs did not present evidence that they sustained an injury to their rights of access to the courts. Specifically, the court found that plaintiffs failed to show that defendants hindered their efforts to present a legal claim. Applying the four-factor test of *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), the court also found that Rule 33-3.006(1)(b) is valid despite

any infringement on plaintiffs' constitutional rights because "it is reasonably related to legitimate penological interests . . . ," *Turner*, 482 U.S. at 89, of security and administration. Plaintiffs argue that the district court failed to apply the test required by *Johnson v. Avery*, 393 U.S. 483 (1969).

In *Johnson v. Avery*, the Supreme Court considered a Tennessee prison regulation which prohibited inmates from rendering legal assistance to each other. Tennessee did "not provide an available alternative to the assistance provided by other inmates." *Johnson*, 393 U.S. at 488. The Court recognized that "it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." *Johnson*, 393 U.S. at 485. The Court held that "unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation . . . barring inmates from furnishing such assistance to other prisoners." *Johnson*, 393 U.S. at 490.

Subsequently, in *Bounds v. Smith*, 430 U.S. 817, 817 (1977), the Court considered "whether States must protect the right of prisoners to access to the courts by providing them with law libraries or alternative sources of legal knowledge." The Court answered that question in the affirmative, holding "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828.

Plaintiffs argue this is not a *Bounds v. Smith* case. *Lewis v. Casey*, upon which the district court relied, held that a plaintiff must show injury before seeking *Bounds v. Smith* relief. Plaintiffs contend *Bounds* and *Johnson* should be read independently. They conclude that those cases identify two different types of access-to-courts claims: (1) pursuant to *Johnson*, claims based on

3

inmates' rights to render mutual legal assistance, or to receive some reasonable alternative to mutual legal assistance; and (2) pursuant to *Bounds*, claims based on an inmate's right to receive from the State adequate assistance in the preparation and filing of legal papers, a right which plaintiffs assert is separate from and must be provided *in addition to* inmates' rights to render mutual legal assistance. Plaintiffs argue that "the essence of the right[s]" recognized in *Bounds* and *Johnson* are fundamentally different from each other, and that those fundamental differences mandate that different types of injuries may support each type of claim. Therefore, they argue that *Lewis v. Casey* does not require them to present evidence that defendants impaired their ability to present a legal claim. We disagree.

The essence of the claims in both *Johnson* and *Bounds* were denial of inmates' rights of access to the courts. The inmates in *Johnson* were entitled to relief only because, in light of Tennessee's failure to provide reasonable alternatives to inmates' mutual legal assistance, the majority of those inmates were "denied access to the courts . . . ." *Johnson*, 393 U.S. at 488. As the Supreme Court recognized in *Bounds*, *Johnson* applied "[e]ssentially the same standards of access . . . ," 430 U.S. at 823, that the Court applied in previous decisions. After analyzing its previous access-to-court decisions, *see* 430 U.S. at 821-25, the *Bounds* Court proceeded to apply those same "standards of access" to the facts with which it was presented in order to more fully determine a State's affirmative obligations to ensure that inmates' rights of access were not infringed. *See* 430 U.S. at 823-832.

As the Supreme Court recognized in *Lewis v. Casey*, *Bounds* did not "create an abstract, free-standing right to a law library or legal assistance," 116 S. Ct. at 2180, but instead acknowledged only that these were two possible methods by which a State could assure inmates meaningful access

4

to the courts, *see* 116 S. Ct. at 2179-80.  The Court recognized that *Johnson* was "one of the cases to which *Bounds* traced its roots," *Lewis*, 116 S. Ct. at 2179, and noted that *Bounds* and *Johnson* "focused on the same entitlement of access to the courts." *Lewis*, 116 S. Ct. at 2179.  Because *Bounds* and *Johnson* focused on the same right of access, neither created a free-standing constitutional right independent of the right of access to the courts, and the two cases did not, as plaintiffs suggest, create separate, independent standards to be applied in different types of access-to-courts claims.  Instead, both cases interpret the same right according to the same standards generally applicable to access-to-courts claims.  Therefore, plaintiffs' claims are subject to the same "actual injury" requirement which the Court described in *Lewis v. Casey*.

The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury.  *See Lewis*, 116 S. Ct. at 2179.  The injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access.  Thus, the prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim.  *See Lewis*, 116 S. Ct. at 2181.  Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action.  *See Lewis*, 116 S. Ct. at 2181-82.

*Wright v. Newsome*, 795 F.2d 964 (11th Cir. 1986), upon which plaintiffs rely, does not support the conclusion that they presented evidence or even alleged that they suffered a legally sufficient injury.  During a search of Wright's cell, Georgia correctional officers destroyed his legal pleadings and a legal book.  Contrary to the facts of this case, the *Wright* opinion does not reflect that the papers were destroyed because Wright's possession of them was in violation of a valid prison rule or  policy.

*Wright* involved review of a district court's *sua sponte* dismissal of a complaint before service upon the defendants. At the time this Court decided *Wright*, 28 U.S.C. § 1915(d) allowed such dismissals "only if the action [was] frivolous or malicious." *Wright*, 795 F.2d at 967. In his complaint, Wright alleged that the correctional officers "seized legal pleadings concerning [his] challenge to his conviction . . . ." *Wright*, 795 F.2d at 965. For purposes of surviving *sua sponte* review under § 1915(d), Wright's allegation sufficiently asserted that confiscation of the legal papers impaired his ability to challenge his conviction. A district court therefore could not have dismissed Wright's access-to-courts claim based upon a failure to allege actual injury. *See Lewis*, 116 S. Ct. at 2181-82.

This case comes to us in a different posture than *Wright*. The district court did not dismiss plaintiffs' complaint based on the pleadings, but instead granted defendants' motion for summary judgment. In response to defendants' motion for summary judgment, plaintiffs were required to put forth evidence demonstrating that there was a genuine issue as to whether they suffered actual injury, i.e. whether defendants' actions frustrated their presentation of a direct appeal from their convictions, a habeas petition, or a civil rights action. *See Lewis*, 116 S. Ct. at 2181-82; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994). Plaintiffs presented no such evidence.

In the record, we find two references by plaintiffs to specific prejudice to inmates' presentation of legal claims. In their complaint, plaintiffs alleged that as a result of defendants' actions, they have been "unable to file proper pleadings and responses in their various litigations resulting in various litigations being dismissed or denied." Compl. ¶ 24. Plaintiffs have provided

6

no *evidence*, however, of such dismissals or denials, and have not even alleged that these "various litigations" were direct appeals of their convictions, habeas petitions, or civil rights actions.

The only evidence of claims dismissed as a result of defendants' actions is plaintiff Van Poyck's affidavit, in which he stated that "[a]s a direct result of [FSP officials'] actions many inmates' cases were lost, cases were dismissed." Van Poyck Aff. ¶ 6. Plaintiffs have neither alleged nor presented evidence that these lost or dismissed cases were direct appeals of their convictions, habeas petitions, or civil rights actions. Further, Van Poyck has not suggested that any of the *plaintiffs'* cases were lost or dismissed. Plaintiffs do not have standing to assert other inmates' claims for denial of their rights of access to the courts. *See Adams v. James*, 784 F.2d 1077, 1080 (11th Cir. 1986) ("In the non-class-action context a prisoner has no standing to litigate another prisoner's claim of denial of access to the courts.").

Plaintiffs have not presented evidence, or even alleged, that FSP officials' actions caused them the type of actual injury required to support a claim based upon an infringement of their rights of access to the courts. *See Lewis v. Casey*, 116 S. Ct. 2174, 2178-82 (1996). Plaintiffs presented no evidence that FSP officials' actions frustrated or impeded any plaintiff's presentation of a non-frivolous appeal from a conviction, a habeas petition, or a civil rights action. *See Lewis*, 116 S. Ct. at 2181-82. The district court therefore correctly granted defendants' motion for summary judgment.

We note that at oral argument, the Court questioned plaintiffs' counsel as to whether plaintiffs fairly presented a claim based on a purported First Amendment right to render legal assistance to or receive such assistance from other inmates which is independent of the right of access to the courts. Plaintiffs' counsel clarified that the essence of plaintiffs' claims was

7

infringement of the right of access to the courts, not a purported, independent right to provide or receive legal assistance based on the First Amendment. In any event, other circuit courts of appeals have refused, we believe correctly, to recognize such an independent right. *See Johnson v. Rodriguez*, 110 F.3d 299, 311 n.15 (5th Cir.) ("[W]hile the assistance of other prisoners may be one way in which a particular prisoner's right of constitutional access to the courts is vindicated, such is not in and of itself a constitutional right."), *cert. denied*, 118 S. Ct. 559 (1997); *Tighe v. Wall*, 100 F.3d 41, 42-43 (5th Cir. 1996); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993); *Williams v. Nix*, 1 F.3d 712, 716 (8th Cir. 1993); *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990); *Gassler v. Rayl*, 862 F.2d 706, 707-08 (8th Cir. 1988); *Ervin v. Ciccone*, 557 F.2d 1260, 1262 (8th Cir. 1977).

**AFFIRMED.**