[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 6, 2009
THOMAS K. KAHN
CLERK

No. 08-10391
Non-Argument Calendar

_____

D. C. Docket No. 06-00172-CV-WLS-1

MICHAEL DAVID DENNEY,

Plaintiff-Appellant,

versus

CYNTHIA NELSON,
Warden,
JOHN DOES,
C.E.R.T. Officers at Autry State Prison,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 6, 2009)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Michael David Denney appeals the dismissal of his complaint that Cynthia Nelson, the warden of Autry State Prison, and Nelson's employees denied Denney his right of access to the courts when they confiscated Denney's legal materials. 42 U.S.C. § 1983. We vacate in part, remand in part, and affirm in part.

## I. BACKGROUND

Michael David Denney is a Georgia state prisoner who was formerly incarcerated at Autry State Prison. On August 4, 2006, four unknown correctional officers who worked on an emergency response team searched Denney's cell and confiscated Denney's personal property, including legal research materials, key pieces of evidence, pleadings from his state criminal cases, and a federal petition for a writ of habeas corpus. In December 2006, Denney filed a complaint against Warden Nelson and four unnamed correction employees and alleged that the confiscation deprived him of his right of access to the courts in violation of the First and Fourteenth Amendments.

The district court ordered Denney to supplement his complaint with information about which legal actions the confiscation affected. Denney complained that the employees confiscated exculpatory evidence in his state criminal case, records of a federal habeas petition, copies of an application to file a second or successive habeas petition, and pleadings and documents relevant to a

2

federal case and a federal appeal. Nelson moved to dismiss Denney's complaint for failure to state a claim and for failure to exhaust administrative remedies. Nelson argued that Denney's complaint failed to state a claim because Denney alleged no legal action that was hindered by the confiscation. Nelson presented evidence that the litigation to which Denney referred had been resolved and that Denney had no other pending litigation.

While Nelson's motion was pending, Denney moved to compel Nelson to answer interrogatories and a document request. Nelson moved for a protective order and a stay of discovery pending resolution of the motion to dismiss, and Denney requested a hearing on the motion for a protective order and stay. Denney also requested leave to supplement his complaint with evidence that he had exhausted his administrative remedies, and Denney sought discovery and a hearing or pretrial conference.

The magistrate judge recommended that the district court grant Nelson's motion to dismiss because Denney had neither challenged Nelson's argument that Denney had no pending litigation when his materials were confiscated nor proved that the confiscation prevented him from timely pursuing other litigation. The magistrate judge denied the other pending motions as moot. Denney objected to the recommendation of the magistrate judge. Denney argued that the confiscation

3

deprived him of materials he needed to "attack his sentences," he had a pending state habeas petition, and his request for a new trial had been denied because the exculpatory evidence he needed to support it had been confiscated. Denney also objected to the denial of his motion to compel discovery and request for a hearing.

The district court accepted the recommendation of the magistrate judge. The district court determined that the litigation to which Denney referred "w[as] concluded prior to the confiscation of his legal materials," and that Denney failed to allege that he suffered an actual injury. Denney filed a motion for reconsideration and argued that he had a pending state court case and appeal, the district court erred when it denied him discovery and leave to amend his complaint, and he supported his allegations with facts and evidence. Denney appealed to this Court.

The district court later denied his motion for reconsideration and gave two reasons for denying Denney leave to amend his complaint. First, the district court stated that it denied Denney leave because Denney made his request after Nelson had moved to dismiss, and the district court considered Nelson's motion a responsive pleading. Second, the district court stated that it denied leave because the amendment Denney sought, the inclusion of evidence that he exhausted his administrative remedies, would not have affected the decision to dismiss the

4

complaint.

## II. STANDARDS OF REVIEW

We review de novo the dismissal of a complaint for failure to state a claim, and we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999). We review for abuse of discretion a denial of a motion to amend a complaint, Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001), a denial of a motion to compel discovery, Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006), and a decision to rule on a motion to dismiss without an evidentiary hearing, Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1250 (11th Cir. 2005).

## III. DISCUSSION

Denney argues that his complaint stated a valid claim for denial of access to the courts, and the district court abused its discretion when it denied his motion for leave to amend his complaint, his motion to compel discovery, and his request for a hearing. Denney's first two arguments are meritorious, but his third argument fails. We discuss each argument in turn.

The district court erred when it dismissed Denney's complaint because Denney adequately alleged an injury to his right of access to the courts. Prisoners

have a right to access to the courts under the Fourteenth Amendment. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). "The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury" to that right. Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998) (citing Lewis v. Casey, 518 U.S. 343, 346, 349–51, 116 S. Ct. 2174, 2177, 2179–80 (1996)). An inmate must prove that the defendants' actions hindered or frustrated his efforts to pursue a non-frivolous direct criminal appeal, habeas petition, or civil rights action. Lewis, 518 U.S. at 354, 116 S. Ct. at 2181–82. Examples of actual injury include "missing filing deadlines or being prevented from presenting claims." Wilson, 163 F.3d at 1290 n.10.

Denney established that the confiscation of his legal papers caused him actual injury. Denny alleged that he intended but was unable to file a timely habeas petition because he had been denied access to relevant legal materials. Denney's state conviction became final on March 1, 2006, and he had until March 1, 2007, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). Denney's legal materials were confiscated on August 4, 2006, and he filed his complaint on December 20, 2006. In his supplement to the complaint, Denney complained that the confiscation "hindered [his] filing of his habeas corpus petition in a timely manner." Because the confiscation of Denney's materials allegedly hindered the

6

timely filing of a habeas petition, Denney alleged an actual injury to his right of access to the courts.

The district court also abused its discretion when it denied Denney leave to amend his complaint to establish that he had exhausted his administrative remedies on the grounds that Nelson had already filed a responsive pleading and the amendment was futile. Denney was entitled to amend his complaint as a matter of course. A plaintiff may amend his complaint "once as a matter of course" before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Nelson's motion to dismiss did not terminate Denney's entitlement to amend his complaint because the motion was not a responsive pleading: "[T]he term 'responsive pleading' does not include such filings as a motion to dismiss or a motion for summary judgment." Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000). Neither did the alleged futility of Denney's amendment terminate his entitlement to file it. "When the plaintiff has the right to file an amended complaint as a matter of course . . . the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." Williams v. Bd. of Regents of Univ. Sys. Of Ga., 477 F.3d 1282, 1292 n.6 (11th Cir. 2007). The district court did not have the discretion to deny Denney leave to amend his complaint.

7

The district court did not abuse its discretion when it denied Denney's motion to compel discovery and denied Denney a hearing. Although neither discovery nor a hearing are ordinarily necessary to resolve a motion to dismiss because the allegations in the complaint are taken as true, Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997), the district court engaged in limited discovery to determine whether Denney alleged an actual injury to his right of access to the courts. Although Denney argues that he needed to present evidence in response to Nelson's motion to dismiss, the evidence he wanted to present—that he exhausted his administrative remedies—was not relevant to the question whether he had alleged an actual injury. The district court did not abuse its discretion when it denied Denney's requests for discovery and a hearing.

## IV.  CONCLUSION

We **VACATE** the dismissal of Denney's complaint and denial of leave to amend that complaint and **REMAND** for further proceedings. We **AFFIRM** the denial of Denney's requests for discovery and a hearing.

8