[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11346
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-01005-MMH-TEM


CURTIS ANTONIO WAY,

                                                Plaintiff-Appellant,

GALANTE PHILLIPS, et al.,

                                                Plaintiffs,

versus

JOHN H. RUTHERFORD, Sheriff,
GORDON BASS, Director of Corrections,
TARA WILDES, Chief at PTDF,

                                                Defendants-Appellees,

G. M. CARLTON, Lieutenant, et al.,

                                                Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 12, 2012)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Curtis A. Way, a prisoner proceeding pro se, appeals the district court's grant of summary judgment in favor of Jacksonville Pre-trial Detention Facility employees John H. Rutherford, Gordon Bass, and Tara Wildes ("PTDF") in his 42 U.S.C. § 1983 action alleging a violation of his constitutional right of access to the courts. The district court granted PTDF's motion to dismiss, construed as a motion for summary judgment, after concluding that Way had failed to provide evidence that PTDF's actions caused him to suffer an actual injury in a direct criminal appeal, habeas petition, or civil rights case. The court also ruled that even if Way had provided evidence of an actual injury, PTDF's actions were constitutional because they were reasonably related to legitimate penological interests.

On appeal, Way argues that the district court improperly granted summary judgment in favor of PTDF, because: (1) PTDF has delayed, denied, impeded, or hindered his pursuit of numerous nonfrivolous cases; (2) the closure of the larger law library and opening of a smaller, overcrowded law library was constitutionally inadequate; (3) as a result of PTDF's actions, he has suffered actual injury, such as dismissals with prejudice; and (4) PTDF did not have a reasonably related or

legitimate government interest in restricting physical access to the law library. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. Shiver v. Chertoff, 549 F.3d 1342, 1343 (11th Cir. 2008). Under Rule 56, summary judgment is proper if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The moving party bears the burden of production, and if this burden is met, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." Shiver, 549 F.3d at 1343 (quotation omitted). Furthermore, a court must enter "summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 1344 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

Prisoners have a clearly established constitutional right of access to the courts. Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). This "right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817,

828 (1977). However, an inmate alleging a violation of this right must show an actual injury. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). To show an actual injury, the inmate must demonstrate that "the prison officials' actions . . . frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998). Moreover, that legal claim "must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." Id. (citing Lewis, 518 U.S. at 352-57).

A plaintiff cannot state a claim by simply alleging systemic denial of access to a law library or legal resources. Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998). "At the summary judgment stage, general factual allegations of injury will not suffice." Barbour, 471 F.3d at 1225. Instead, the plaintiff must set forth by affidavit or other evidence specific facts, which will be accepted as true for purposes of the summary judgment motion. Id.

Even if a prison regulation impinges on an inmate's constitutional rights, it is nevertheless "valid if it is reasonably related to legitimate penological interests." Turner v. Safely, 482 U.S. 78, 89 (1987). To determine whether a prison regulation is reasonable, we analyze the following factors: (1) whether there is a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forth to justify the regulation; (2) whether, under the restriction imposed,

4

prisoners have alternative means for exercising the asserted constitutional right; (3) the impact that accommodating the asserted constitutional right will have on prison staff, inmates, and the allocation of prison resources; and (4) whether the regulation in question is an "exaggerated response" to prison concerns. Id. at 89-91.

In this case, the district court properly granted summary judgment because Way made only general factual allegations, and failed to provide specific evidence, that PTDF's actions caused him an actual injury in a particular nonfrivolous criminal appeal, habeas petition, or civil rights claim. But even assuming arguendo that Way had alleged an actual injury, PTDF's actions did not violate his right of access to the courts because they were reasonably related to legitimate penological interests. PTDF closed the law library after an inmate brutally raped an officer inside. All pro se inmates had alternative means of accessing library materials during the temporary closure, and once the law library reopened, all inmates could physically visit the library and conduct research using print materials and newly acquired computer resources. Therefore, the district court did not err in concluding that the temporary restrictions on the law library were reasonably related to penological interests. Accordingly, we affirm.

**AFFIRMED.**