[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11817
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-03547-ODE

ANN MCCAULEY,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
All Defendants listed are d/b/a the State of Georgia,
GOVERNOR OF GEORGIA,
Governor's Office and Personal,
MR. MILLER,
LT. ORTIZ,
SULLIVAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 12, 2012)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Ann McCauley, proceeding *pro se*, appeals the dismissal of her lawsuit brought under, among other statutes, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. On appeal, McCauley first argues that the district court erroneously found that two defendants, the Superior Court of Bibb Count ("Bibb County court") and Judge Self, were immune under the Eleventh Amendment from suits brought under Title II, the Rehabilitation Act, and the Fourteenth Amendment. Second, McCauley addresses the district court's finding that she failed to state a Rehabilitation Act claim against the Bibb County court. Finally, McCauley addresses the district court's dismissal of her claims against various defendants related to a state court case that McCauley brought against Cook's Pest Control. For the reasons set forth below, we affirm the district court's dismissal of McCauley's suit.

I.

McCauley suffers from severe lupus erythematosus, which means that, among other consequences, she cannot be exposed to odors such as those found in everyday hygiene products. In 1992, McCauley sued Cook's Pest Control in Gwinnett County, apparently contending that Cooks had caused or aggravated her disabilities. That lawsuit was in the Superior Court of Gwinnett County. Later, she unsuccessfully sued Judge Winegarden, and others affiliated with that court,

2

alleging that they failed to accommodate her disabilities in the Cook's lawsuit. McCauley v. Winegarden, 60 F.3d 766 (11th Cir. 1995), cert. denied, 517 U.S. 1149 (1996). In 2005, a car accident led McCauley to sue the driver of the other car and Allstate Insurance. That case proceeded before Judge Self in Bibb County. During the course of the lawsuit before Judge Self, McCauley filed a motion for summary judgment and later a motion for reconsideration. The Bibb County court considered the merits of the motion for summary judgment, but ultimately denied the motion. The Bibb County court denied the motion for reconsideration.

In 2009, McCauley, proceeding *pro se*, brought the instant case against a number of Georgia state entities and officials, including the Superior Court of Gwinnett County and the judge and staff who presided over her case against Cook's, the Bibb County court, and Judge Self and his court personnel. McCauley claimed that the Gwinnett and Bibb County courts violated her rights under the ADA by denying her access to the courts. As to her Bibb County case specifically, she alleged that: (1) the clerk's office did not assign a single contact person, (2) the clerk's office was not adequately responsive to her needs, and (3) Judge Self and his clerks did not have the sensitivity training necessary to interact appropriately with McCauley. McCauley conceded that the clerks allowed

her to file documents via email, but she alleged that, if the court personnel understood McCauley's disability, they would not have held a hearing at which McCauley appeared via telephone while opposing counsel appeared in person. McCauley went on to cite a number of statutes and constitutional provisions, including Title II of the ADA, 42 U.S.C. § 12132; the Rehabilitation Act of 1973; and the Fourteenth Amendment.

A magistrate judge allowed McCauley to proceed *in forma pauperis*. The magistrate recommended dismissing a number of claims under 28 U.S.C. § 1915(e)(2)(B). As relevant to this appeal, the magistrate: (1) recommended dismissing the claims against the defendants related to McCauley's state court case against Cook's and (2) explained that McCauley had failed to state a Rehabilitation Act claim against the Bibb County court because she did not allege that the court received federal funds. The magistrate recommended allowing McCauley's ADA failure to accommodate claims against the Bibb County court and Judge Self in his official capacity to proceed. McCauley stated claims under Title II of the ADA when she alleged that the court: (1) did not appoint a contact person, (2) had an unresponsive staff, and (3) did not properly train its staff. The district court adopted the report and recommendation in its entirety.

The Bibb County court and Judge Self filed a motion to dismiss the

remaining claims for lack of subject matter jurisdiction and a failure to state a claim upon which relief could be granted. They argued that, under *United States v. Georgia*, 546 U.S. 151, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006), they had Eleventh Amendment immunity because McCauley had not alleged conduct that amounted to a constitutional violation. McCauley's Bibb County case was dismissed for a number of reasons unrelated to her ability to access the courts. The outcome of that case would not have changed even if there had been a single contact person, the court had been more responsive, and the staff had been better trained. Finally, the Bibb County court and Judge Self argued that, even if they did not have Eleventh Amendment immunity, McCauley failed to state a claim under the ADA.

The magistrate recommended granting the motion to dismiss because the Bibb County court and Judge Self were immune under the Eleventh Amendment. At issue was whether Congress had validly abrogated Eleventh Amendment immunity for claims under Title II of the ADA. Congress intended to abrogate immunity for such claims. Under *Georgia*, that abrogation was valid if the alleged conduct actually violated the Fourteenth Amendment. Abrogation could also be valid for conduct that violated Title II of the ADA, but not the Fourteenth Amendment, so long as Title II was "a valid prophylactic measure within

5

Congress's power under § 5 of the Fourteenth Amendment." Because McCauley could not show a Title II violation, the magistrate did not consider whether the abrogation as to that alleged conduct was valid, nor did the magistrate consider whether McCauley had shown a Fourteenth Amendment violation.

The magistrate determined that McCauley had not shown that her claims regarding (1) the failure to designate a single contact person, (2) unresponsive staff, and (3) lack of training amounted to Title II violations. Such accommodations were unnecessary because McCauley had not shown that the lack of those accommodations prevented her from accessing the court. McCauley was given access to the court via electronic filing, the ability to appear at a hearing via telephone, and being allowed to file a motion for summary judgment. Those accommodations allowed the court to decide her case on the merits. Although she may have had a hard time interacting with employees who did not understand her disability, she had not been denied access to the courts, and she had not stated a claim for failure to accommodate under Title II of the ADA. Because McCauley could not establish an ADA violation, the Bibb County court and Judge Self were immune from money damages under the Eleventh Amendment, and the magistrate recommended dismissing McCauley's claim for money damages under the ADA. Based on the above, the magistrate concluded that the court lacked subject matter

6

jurisdiction and thus did not consider whether McCauley stated a claim under Federal Rule of Civil Procedure 12(b)(6). The district court adopted the report and recommendation in its entirety and granted the motion to dismiss.

## II.

We review *de novo* the grant of a motion to dismiss based on Eleventh Amendment immunity. *Ass'n for Disabled Ams., Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 956 (11th Cir. 2005). The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is also reviewed *de novo*, and we construe "the complaint in the light most favorable to the plaintiff and accept[s] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). A Rule 12(b)(6) motion to dismiss should only be granted where "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Id.* (quotation omitted). We review the briefs of *pro se* litigants liberally, but a *pro se* litigant nonetheless abandons an issue not raised in her initial brief. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). "[W]e may affirm on any ground supported by the record." *Am. Gen. Life Ins. Co. v. Schoenthal Family LLC*, 555 F.3d 1331, 1343 (11th Cir. 2009).

Title II of the ADA provides that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied

the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Private suits for money damages are authorized under Title II. *Id.* § 12202; *Tennessee v. Lane*, 541 U.S. 509, 517-18, 124 S.Ct. 1978, 1984-85, 158 L.Ed.2d 820 (2004). Although states are generally immune from unconsented suits brought by their citizens, Congress may abrogate that immunity. U.S. Const. amend. XI; *Lane*, 509 U.S. at 517, 124 S.Ct. at 1985. To abrogate Eleventh Amendment immunity, Congress must: (1) make clear its intent to do so and (2) do so "pursuant to a valid grant of constitutional authority." *Lane*, 509 U.S. at 517, 124 S.Ct. at 1985 (quotation omitted).

In § 12202, Congress made clear its intent to abrogate states' immunity from suits brought under the ADA. *Id.* at 518, 124 S.Ct. at 1985. As to the second requirement, Congress may abrogate states' immunity to enforce the substantive guarantees of the Fourteenth Amendment. *Id.* Title II seeks to prohibit irrational discrimination of disabled individuals and enforce basic constitutional guarantees, including the right to access the courts. *Id.* at 522-23, 124 S.Ct. at 1988. Civil litigants have a due process right to "a meaningful opportunity to be heard" in judicial proceedings. *Id.* at 523, 124 S.Ct. at 1988 (quotation omitted). Thus, the Supreme Court held in *Lane* that, "Title II, as it applies to the class of cases

8

implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' . . . authority to enforce the guarantees of the Fourteenth Amendment." *Id.* at 533-34, 124 S.Ct. at 1994.

In *Georgia*, the Supreme Court considered whether a state prisoner could sue a state for money damages based on a claim that the conditions of confinement violated the prisoner's rights under Title II of the ADA. 546 U.S. at 153-55, 126 S.Ct. at 878-79. Rather than determining whether Title II validly abrogated sovereign immunity in prisoner suits generally, the Court merely noted that "no one doubts that § 5 [of the Fourteenth Amendment] grants Congress the power to enforce . . . the provisions of the Amendment by creating private remedies against the [s]tates for *actual* violations of these provisions." *Id.* at 158, 126 S.Ct. at 881 (quotation omitted). The Court remanded the case for further proceedings. *Id.* at 160, 126 S.Ct. at 882.

Finally, to state a claim alleging a denial of the right to access the courts, a plaintiff must show actual injury by demonstrating that her efforts to pursue a nonfrivolous claim were frustrated or impeded by an official's action. *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir.1998) (considering an access to the court claim in prisoners' § 1983 lawsuit).

As an initial matter, McCauley has abandoned two of the three issues she

addresses in her initial brief. First, the district court dismissed the Rehabilitation Act claim against the Bibb County court because McCauley did not allege that the court received federal funds. Although McCauley acknowledges the federal funds requirement in her brief, she does not argue that the district court's finding on this issue was erroneous. Accordingly, she has abandoned any argument regarding the dismissal of the Rehabilitation Act claim. *See Timson*, 518 F.3d at 874. Second, the defendants relevant to the state court case against Cook's were dismissed for a number of reasons. On appeal, McCauley states that the district court erroneously dismissed these defendants and argues that she was harmed by those defendants, but she does not challenge the district court's rulings explaining the dismissals. Accordingly, she has also abandoned her argument that these defendants were erroneously dismissed. *See Timson*, 518 F.3d at 874.

Thus, the only remaining issue on appeal is whether the district court erroneously dismissed, based on Eleventh Amendment immunity, McCauley's ADA claim against the Bibb County court and Judge Self regarding access to the courts.[1] McCauley is correct that the court erred in finding Eleventh Amendment

---

[1] McCauley also argues that the court erred in finding that these defendants had Eleventh Amendment immunity from suits brought under the Rehabilitation Act or the Fourteenth Amendment. This argument is belied by the record because the court did not address Eleventh Amendment immunity from suits brought under the Rehabilitation Act or the Fourteenth Amendment.

10

immunity from this claim. McCauley alleged that these defendants denied her access to the court. In *Lane*, the Supreme Court held that Congress had validly abrogated states' Eleventh Amendment immunity from suit under Title II of the ADA in cases alleging a denial of access to the courts. *See* 541 U.S. at 533-34, 124 S.Ct. at 1994. The Court did not qualify this holding with a requirement that an actual violation must have occurred for the abrogation of immunity to be valid. *See generally id.* That such a requirement may exist in other classes of cases is of no moment to McCauley's access to the courts claim. *Cf. Georgia*, 546 U.S. at 158, 126 S.Ct. at 881. The district court erred in applying the language of *Georgia*, a case dealing with the conditions of confinement in a prison, rather than the requirements of *Lane*, a case alleging a denial of access to the courts. Under *Lane*, the Bibb County court and Judge Self are not immune from McCauley's claim that she was denied access to the court based on her disability. *See* 541 U.S. at 533-34, 124 S.Ct. at 1994.

Nonetheless, we need not remand this case. The district court did not explicitly state that McCauley failed to state a claim under Rule 12(b)(6), but the court did consider whether her allegations stated Title II violations. "[B]ecause we may affirm on any ground supported by the record," we next consider whether McCauley failed to state a claim under Rule 12(b)(6). *Am. Gen. Life Ins. Co.*, 555

11

F.3d at 1343.

Even accepting the allegations in McCauley's complaint as true, she fails to state an access to the courts claim because she did not allege actual injury in pursuing her Bibb County case. *See Bass*, 143 F.3d at 1445. In her complaint, McCauley asserted that: (1) the clerk's office did not assign a single contact person, (2) the clerk's office was not adequately responsive to her needs, and (3) Judge Self and his clerks did not have the sensitivity training necessary to interact appropriately with McCauley. She did not explain how these alleged deficiencies affected her case or denied her access to the courts, and she conceded that she was allowed to file documents via email and appear at a hearing via telephone. Moreover, McCauley was able to file both a motion for summary judgment and a motion for reconsideration in that case. *See Day*, 400 F.3d at 1276. The court considered the motion for summary judgment on the merits before ultimately denying it, and the court denied the motion for reconsideration. Thus, McCauley was able to access the court and have her case heard on the merits, and she has not shown actual injury or stated an access to the court claim under the ADA. *See Bass*, 143 F.3d at 1445.

For the foregoing reasons, we affirm the district court's dismissal of McCauley's suit.

**AFFIRMED.**