[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12108
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00372-WS-CAS


CONRAAD L HOEVER,

Plaintiff-Appellant,

versus

P. BELLEIS,
Chief of Security Colonel,
J HALL,
Deputy Chief of Security Major,
K. HAMPTON,
Group Supervisor Sergeant,
J KELLEY,
Group Supervisor,
T. KRISS,
Correction Officer,
W MESSER,
Officer in Charge Captain
J SERRATO,
Correction Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 10, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Conraad Hoever, a Florida prisoner, appeals *pro se* the partial dismissal and partial summary judgment against his complaint about the violation of his civil rights by prison officers who placed him in disciplinary confinement for 20 days and denied him access to mail and religious materials. 42 U.S.C. § 1983. The district court dismissed Hoever's request for monetary damages and his complaints that he was disciplined without due process; that officers confiscated materials he needed to "write his family" and "the courts," in violation of his rights to free speech and association and to access the courts under the First Amendment; that he was denied lunch, in violation of the Eighth Amendment prohibition against cruel punishment; and that Colonel Belleis and Deputy Chief Hall were liable as supervisors for denying grievances about their subordinates' conduct. Later, the district court entered summary judgment against Hoever's complaint that his retention of a Bible in Spanish but the denial of a Bible in English and devotional

2

materials during his confinement violated his rights under the Free Exercise Clause of the First Amendment. We affirm.

We review *de novo* the dismissal of a complaint for failure to state a claim for relief and a summary judgment. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (failure to state a claim); *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1223 (11th Cir. 2004) (summary judgment). We construe liberally *pro se* pleadings, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), accept as true the allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff, *Hill* 321 F.3d at 1335; *Midrash*, 366 F.3d at 1223.

Hoever failed to state a claim that the officers violated his right to due process. A prisoner is entitled to due process only when a change in his conditions of confinement is so severe that it lengthens his term of imprisonment or when he is deprived of a benefit ordinarily bestowed on inmates and the deprivation "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Hoever was placed in disciplinary confinement for 20 days for disrespecting an officer, was deprived of his personal and legal mail, and lost eligibility for some prison privileges, but "[d]iscipline by prison officials in response to . . . [Hoever's] misconduct falls within the expected perimeters of" prison life and did not implicate the liberty interests protected by the Due Process Clause, *id.* at 485. *See*

3

*Rodgers v. Singletary*, 142 F.3d 1252, 1252–53 (11th Cir. 1998) (confinement for two months pending the resolution of disciplinary charges did not amount to a prisoner being "deprived of a constitutionally protected liberty interest"); *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir. 1991) ("[T]he Due Process Clause does not directly protect an inmate from changes in the conditions of his confinement, . . . as long as the condition to which the prisoner is subjected is not otherwise violative of the Constitution or outside the sentence imposed upon him . . . ."). Hoever alleged that he was "denied [his] rights to call witnesses in his defense [during his discipline hearing] and punish[ed] . . . without . . . [receiving] proper process," but he did not have "a protected liberty interest that . . . entitle[d] him to . . . procedural protections," *see Sandin*, 515 U.S. at 487.

Hoever also failed to state a claim that Officer Serrato infringed on Hoever's rights to free speech and to access the courts. Hoever alleged that Officers Serrato and Kriss inventoried and stored Hoever's personal and legal mail and that Hoever later requested the materials from Kriss. No plausible inference could be drawn from Serrato's conduct that he intended to "chill[], inhibit[], or interfere[] with [Hoever's] ability to speak" or associate with his family, *see Al-Amin v. Smith*, 511 F.3d 1317, 1334 (11th Cir. 2008), or to "frustrate[] or impede[] [Hoever's] efforts to pursue a nonfrivolous legal claim," *see Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998).

4

Hoever waived his right to contest the dismissal of his complaint that Kriss interfered with his access to the courts. The district court dismissed Hoever's complaint for failure to allege an actual injury. *See id.* at 1445; *see also Chandler*, 926 F.2d 1063 (if "alleged deprivations are of a minor and short-lived nature and do not implicate general policies" then "an inmate [must] articulate facts indicating some prejudice such as being unable to do timely research on a legal problem or being procedurally or substantively disadvantaged in the prosecution of a cause of action"). The district court twice invited Hoever to "submit an amended complaint . . . [containing] facts which would support []his [access to courts] claim," but he omitted that claim from his amended pleading. Hoever "waived [his] right to complain about [the dismissal] . . . after . . . [foregoing] the opportunity to" present additional allegations to support his claim. *See Tamimi v. Howard Johnson Co.*, 807 F.2d 1550, 1555 (11th Cir. 1987).

Hoever abandoned his complaint that Kriss infringed his right to free speech. "An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotation marks and citation omitted). Although the two orders issued by the district court informed Hoever that it had yet to rule on his "First Amendment claims for free

5

speech and free exercise of religion," Hoever addressed only the Free Exercise Clause in his amended complaint. Because Hoever omitted the issue of free speech from his amended complaint, that issue was "no longer a part of [his] averments against [Kriss]." *See id.* We deem abandoned Hoever's complaint about the violation of his right to free speech. *See id.*

Hoever failed to state a plausible claim for relief based on the Eighth Amendment. To prove a violation of the Eighth Amendment, Hoever had to establish that "the condition he complain[ed] of [was] sufficiently serious to violate the Eighth Amendment" such that it "pose[d] an unreasonable risk of serious damage to his future health or safety" and that prison personnel were deliberately indifferent to his condition. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Hoever alleged that the officers deprived Hoever of lunch. Hoever did not assert that missing one meal worsened his health.

Hoever also failed to state a claim against Colonel Belleis and Deputy Chief Hall. "[I]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). Liability attaches only if a supervisor "directly participated in the unconstitutional conduct" or there is a causal connection between the supervisor's

actions and the alleged constitutional violation. *See Cottone*, 326 F.3d at 1360. To prove a causal connection, Hoever had to establish that the supervisors' "custom or policy . . . resulted in deliberate indifference to constitutional rights," or that a reasonable inference exists that "the supervisor[s] directed [their] subordinates to act unlawfully or knew that [they] would act unlawfully and failed to stop them from doing so." *See id.* Hoever failed to identify a policy that resulted in a constitutional violation, and his allegation that the supervisors denied grievances against their subordinates was insufficient to establish that the supervisors instigated or encouraged unlawful conduct.

Hoever could not recover compensatory or punitive damages from Kriss. Hoever waived any complaint that he had against Kriss in her official capacity when, in response to the motion to dismiss, Hoever disclaimed "that he [was] su[ing] Defendants in their official capacity for monetary damages." After the district court dismissed most of Hoever's complaint, the only causes of action that remained involved Kriss's infringement on Hoever's rights to free speech and to the free exercise of religion. The Prison Litigation Reform Act bars a prisoner from commencing a "civil action . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Hoever did not allege he suffered a physical injury because of Kriss's constitutional violations, so Hoever's recovery was necessarily limited to nominal damages. *See*

7

*Harris v. Garner*, 216 F.3d 970, 984–85 (11th Cir. 2000). Hoever argues that he incurred a sinus injury when exposed to chemical agents while in disciplinary confinement, but he challenged the conditions of his confinement on the ground it violated his right to due process. Because no due process violation occurred, Hoever was not entitled to any damages on the basis of his sinus injury.

Hoever failed to establish that Kriss violated his rights under the Free Exercise Clause. To survive summary judgment, Hoever had to establish that Kriss imposed a "substantial burden" on his religious practices. *See Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 565 (1993) ("[o]ur cases have established that [t]he free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice" (internal quotation marks omitted)). Our definition of "substantial burden" is derived from precedents interpreting the Religious Land Use and Institutionalized Persons Act and the Religious Freedom Restoration Act, which "provide greater protection for religious exercise than is available under the First Amendment," *Holt v. Hobbs*, 135 S. Ct. 853, 859–60 (2015). *See Midrash*, 366 F.3d at 1226–27 (discussing precedents of the United States Supreme Court and this Court). Those precedents hold that a substantial burden occurs if the conduct complained of "completely prevents the individual from engaging in religiously mandated activity, or . . . requires participation in an activity prohibited by

8

religion" and, at a minimum, must have "something more than an incidental effect on religious exercise." *Id.* at 1227; *see also Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 717–18 (1981). Hoever's deprivation of a Bible written in English and devotional materials did not thwart his religious exercise. He testified that, while in disciplinary confinement, he "prayed" and "quote[d] some [Bible] verses [he] remembered." Hoever later prepared an affidavit stating that "reading [his] daily devotional and the [accompanying] Bible texts . . . is [his] spiritual food" and he "compared" his failure to engage in his studies to "an abomination and becoming a periah [sic] of the Christian faith." Hoever's averments established that engaging in daily studies was beneficial, not mandatory. We cannot say that the brief denial of Hoever's study materials imposed a "substantial burden" on his religious practice.

We **AFFIRM** the partial dismissal and partial summary judgment against Hoever's complaint.