[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13265
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00010-LGW-BWC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BOBBY JAMES COURSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 2, 2021)

Before MARTIN, BRANCH, and ED CARNES, Circuit Judges.

PER CURIAM:

Bobby Courson, a federal prisoner proceeding pro se, appeals the denial of his motion for compassionate release and the denial of his motion to appoint counsel. Courson contends that the district court erred by refusing to appoint counsel to litigate his motion for compassionate release, and that its refusal to do so — coupled with COVID-19-related restrictions at the prison library — amounted to an unconstitutional deprivation of access to the courts.[1]

We have held that a prisoner has no constitutional or statutory right to counsel for an 18 U.S.C. § 3582(c)(2) motion for compassionate release. Id. at 794–95. Although district courts "have the discretion to appoint counsel" for such motions, that discretion is guided by factors such as the complexity of the legal issues. Id. at 795 n.4; see also United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004). We review only for abuse of discretion the district court's decision not to appoint counsel. United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009).

The only legal issue that Courson says required counsel is whether the 18 U.S.C. § 3553(a) factors — which are part of the compassionate release decision, see id. § 3582(c)(2) — favored his release. That issue is not complex, and Courson

---

[1] Courson has not challenged the merits of the district court's denial of compassionate release, so we do not address that issue. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").

2

adequately presented argument on it without assistance of counsel.  The district court did not abuse its discretion by declining to appoint counsel.

As for Courson's access-to-courts claim, he must establish plain error because he raises it for the first time on appeal.  United States v. Hano, 922 F.3d 1272, 1283 (11th Cir. 2019).  To show plain error, the defendant must show, among other things, that there is (1) an error (2) that is plain (3) that has affected the defendant's substantial rights.  Id.

Courson cannot establish that the district court erred, let alone plainly.  For starters, we have held that an "inmate alleging a violation of the right of access to the courts must show an actual injury."  Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).  Courson timely filed his motion and adequately presented argument, so the library restrictions he complains of did not "unconstitutionally prevent[] him from exercising that fundamental right of access to the courts."  Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000).  And, in any event, we apply rational basis review to prison regulations that restrict access to the courts.  Johnson v. California, 543 U.S. 499, 509–10 (2005).  The prison's pandemic-related library restrictions are "reasonably related" to a legitimate interest.  Id. at 510.

**AFFIRMED.**