[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10444

Non-Argument Calendar

_____

VICTOR GAVILLAN MARTINEZ,

Plaintiff-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:17-cv-00210-MW-MJF

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Victor Gavillan-Martinez appeals *pro se* from the district court's order granting summary judgment in favor of the Secretary for the Department of Corrections, Mark Inch, and dismissing his 42 U.S.C. § 1983 civil rights complaint with prejudice. Gavillan-Martinez argues that the district court erroneously found that his equal protection rights were not violated by Secretary Inch not permitting Gavillan-Martinez to receive his legal materials in compact disc ("CD") format. He also argues that the district court erroneously found there was no factual dispute regarding the security measures used by the prison for CDs, that the Legal Paper Rule had not impeded his access to the courts, and that the Legal Paper Rule prohibiting prisoners from receiving legal files in CD format was constitutional. Gavillan-Martinez also argues that the district court abused its discretion when it found that the argument that CDs pose a security risk was not frivolous and denied the motion for sanctions. For the following reasons, we affirm.

## I.

We review a district court's ruling on summary judgment *de novo* and apply the same legal standard as the district court. *Brannon v. Finkelstein*, 754 F.3d 1269, 1274 (11th Cir. 2014). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(a). We draw all factual inferences in a light most favorable to the non-movant. *Brannon*, 754 F.3d at 1274. A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. And "[a]n issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997)). "A non-conclusory affidavit which complies with Rule 56 can create a genuine dispute concerning an issue of material fact, even if it is self-serving and/or uncorroborated." *United States v. Stein*, 881 F.3d 853, 858-59 (11th Cir. 2018) (en banc).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Issues raised for the first time on appeal are deemed waived and we do not review them. *Id.*

When a prisoner alleges a violation of his equal protection rights, he "must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946–47

(11th Cir. 2001) (quoting *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986)).

To succeed on a claim of lack of access to the courts, an inmate must first establish the threshold requirements of (1) standing (actual injury) for (2) a colorable underlying claim. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Barbour v. Haley*, 471 F.3d 1222, 1225–26 (11th Cir. 2006); *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998). "The injury which the inmate must demonstrate is an injury to the right asserted, i.e.[,] the right of access." *Bass*, 143 F.3d at 1445. An inmate can show actual injury by showing that prison officials' actions frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim. *Id.* at 1445–46 (upholding summary judgment against inmates who failed to establish that actual injury resulted from prison officials' confiscation of legal material passed between inmates without authorization).

Once the threshold requirements are met, the Supreme Court has applied the reasonableness standard of review set forth by *Turner v. Safley*, 482 U.S. 78 (1987), to prison regulations that restrict inmates' access to the courts. *See Johnson v. California*, 543 U.S. 499, 510 (2005). "[W]hen a prison regulation or practice impinges on an inmate's constitutional rights, the regulation or policy is valid if it is *reasonably related to legitimate penological interests*." *Turner*, 482 U.S. at 89 (emphasis added). However, "courts . . . owe 'substantial deference to the professional judgment of prison administrators.'" *Beard v. Banks*, 548 U.S. 521, 528 (2006) (quoting *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)). If there is

a rational connection to a legitimate penological interest, the prison policy will be upheld. *Rodriguez v. Burnside*, 38 F.4th 1324, 1331 (11th Cir. 2022). In order to help determine whether the relationship exists, we consider whether there are alternative ways for the prisoner to exercise their right, whether accommodation of the prisoner's request will have a large effect on the prison, and whether the policy is an "exaggerated response." *Turner*, 482 U.S. at 89–91; *Rodriguez*, 38 F.4th at 1330. In order to show a valid interest, a prison need not present evidence of an actual security breach or specific evidence of a causal link between a prison policy and incidents of violence, as prison officials must be free to anticipate and prevent security problems. *Prison Legal News v. Sec'y, Fla. Dep't of Corr.*, 890 F.3d 954, 968 (11th Cir. 2018).

Here, Gavillan-Martinez has not shown that his equal protection rights were violated because he was not treated less favorably than other inmates within the prison and could still access his legal materials. Nor are there any genuine issues of material fact related to what security measures the prison had in place for CDs. Secretary Inch included statements from the Chief of Security outlining the risks CDs pose and measures taken to mitigate those risks. Gavillan-Martinez presented no evidence to counter those statements. Further, the district court properly found that Gavillan-Martinez was not denied access to the courts because he managed to file his 28 U.S.C. § 2254 petition and could not specifically state how the CD would have aided his claims in that petition. Finally, the Legal Paper Rule is constitutional because it furthers the

prison's legitimate interest of security and alternatives to the rule are too costly. We thus conclude that the district court properly granted summary judgment for Secretary Inch, and we affirm.

## II.

We review a district court's ruling of sanctions under Federal Rule of Civil Procedure 11 for an abuse of discretion. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001). Federal Rule 11 sanctions exist to limit frivolous and costly maneuvers. *Id.* at 1302. In considering a motion for sanctions under Rule 11, we conduct a two-step inquiry, asking: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have known that they were frivolous." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001)). A claim is frivolous when there is no "reasonable factual basis" for the claim. *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 942 (11th Cir. 2022).

Here, the district court properly found that the argument that CDs pose a security risk within the prison was not frivolous because it was supported by statements from the Chief of Security for the Department of Corrections and was not rejected by the district court in orders prior to the motion for summary judgment. Thus, we conclude that the district court properly denied the motion for sanctions.

AFFIRMED.